```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
OMAR NEWTON WILSON,

                Plaintiff,

-against-

NEW YORK SOCIETY FOR THE RELIEF OF
THE RUPTURED AND CRIPPLED,
MAINTAINING THE HOSPITAL FOR
SPECIAL SURGERY,

                Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/8/2022
```

22 Civ. 9207 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, who is proceeding *pro se*, filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that his former employer discriminated against him because of his religion by not giving him a religious exemption from taking the COVID-19 vaccine and by terminating his employment. Compl. at 3–5, ECF No. 2. By order dated November 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 4.

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

    To allow Plaintiff to effect service on Defendant, New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery, through the U.S. Marshals Service, the Clerk of Court is directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further directed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

    If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date a summons is issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

       The Clerk of Court is directed to mail an information package to Plaintiff.

       SO ORDERED.

Dated: November 8, 2022
       New York, New York

                                              ANALISA TORRES
                                          United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. New York Society for the Relief of the Ruptured and Crippled,
   Maintaining the Hospital for Special Surgery
   535 East 70th Street
   New York, NY 10021