UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR NEWTON WILSON,

*Plaintiff,*

v.

NEW YORK SOCIETY FOR THE RELIEF OF THE
RUPTURED AND CRIPPLED, MAINTAINING
THE HOSPITAL FOR SPECIAL SURGERY,

*Defendants.*

Case No.: 1:22-cv-9207 (AT) (JLC)

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

### BAKER & HOSTETLER LLP

Amy J. Traub
Justin A. Guilfoyle
45 ROCKEFELLER Plaza, 14th Floor
New York, New York 10111
Tel: 212 589-4200
Fax: 212 589-4201
Email: atraub@bakerlaw.com
Email: jguilfoyle@bakerlaw.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND...........................................................................................2

I.      The State's COVID-19 Vaccination Requirement ...........................................2

II.     Unsuccessful Legal Challenges to the State Mandate ..........................................3

III.    Plaintiff's Employment and Request for an Exemption from the State Mandate................5

PROCEDURAL HISTORY.............................................................................................5

LEGAL STANDARD......................................................................................................6

LEGAL ARGUMENT.....................................................................................................8

I.      Plaintiff Is Barred from Re-Litigating His NYSHRL and NYCHRL Claims Against
        Defendant...........................................................................................................8

II.     Plaintiff Also Cannot State a Claim for Religious Discrimination...................10

        A.      Plaintiff's Religious Discrimination Claims Must Be Dismissed Because
                Granting the Proposed Accommodation Would Have Imposed an Undue
                Hardship on Defendant. ...................................................................11

                i.      Title VII Does Not Require Defendant to Have Violated the State
                        Mandate by Granting Plaintiff's Request for a Religious Exemption. ......12

                ii.     Granting the Requested Accommodation Would Have Placed the
                        Health of Defendant's Patients and Staff Members at Serious Risk. ........14

                iii.    Plaintiff's Claim Additionally Fails Because the Vaccination
                        Requirement Was Pursuant to the State Mandate – Not an *Employer*
                        Mandate..........................................................................................15

CONCLUSION................................................................................................................16

<u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................................................7

*Bahr v. City Univ. of N.Y./York Coll.,*
    15-cv-4380, 2016 WL 8711060 (E.D.N.Y. Dec. 9, 2016)...........................................9

*Baker v. Home Depot,*
    445 F.3d 541 (2d Cir. 2006)........................................................................................11

*Baltgalvis v. Newport News Shipbuilding Inc.,*
    132 F. Supp. 2d 414 (E.D. Va. 2001), *aff'd*, 15 F. App'x 172 (4th Cir. 2001).........12

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................................7

*Bey v. City of N.Y.,*
    999 F. 3d 157 (2d Cir. 2021)......................................................................................12

*Bhatia v. Chevron U.S.A., Inc.,*
    734 F.2d 1382 (9th Cir. 1984) ....................................................................................13

*Biden v. Missouri,*
    142 S. Ct. 647 (2022)..................................................................................................14

*Carris v. First Student, Inc.,*
    682 F. App'x 30 (2d Cir. 2017) ....................................................................................8

*Carroll v. United Parcel Serv.,*
    No. 00-cv-7037, 2000 WL 1185583 (2d Cir. Aug. 21, 2000) ......................................9

*Chavis v. Chappius,*
    618 F.3d 162 (2d Cir. 2010)..........................................................................................7

*Cosme v. Henderson,*
    287 F.3d 152 (2d Cir. 2002)........................................................................................11

*Does 1-6 v. Mills,*
    16 F. 4th 20 (1st Cir. 2021)........................................................................................14

*Dr. A. v. Hochul,*
    142 S. Ct. 552 (2021)....................................................................................................4

i

*Dr. A. v. Hochul*,
   567 F. Supp. 3d 362 (N.D.N.Y 2021) ........................................................................3

*Dr. A. v. Hochul*,
   No. 1:21-cv-01009, 2021 WL 4189533 (N.D.N.Y Sept. 14, 2021)............................3

*Dr. A. v. Hochul*,
   No. 21-cv-1009, Dkt. 44 (N.D.N.Y. Jan. 31, 2022)..................................................5

*DuBois v. Macy's Retail Holdings, Inc.*,
   533 F. App'x 40 (2d Cir. 2013) ...............................................................................10

*E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*,
   575 U.S. 768, 773–74 (2015 ....................................................................................11

*E.E.O.C. v. Oak-Rite Mfg. Corp.*,
   No. 99-cv-1962, 2001 WL 1168156 (S.D. Ind. Aug. 27, 2001) ..............................14

*Elmenayer v. ABG Freight Sys.*,
   No. 98-cv-4061, 2001 WL 1152815 (E.D.N.Y. Sept. 20, 2001) ..............................11

*Forkin v. United Parcel Serv.*,
   No. 18-cv-3397, 2020 WL 9816001 (E.D.N.Y. Nov. 10, 2020) ...............................9

*Geldzahler v. N.Y. Med. Coll.*,
   663 F. Supp. 2d 379 (S.D.N.Y. 2009).......................................................................7

*Goldschmidt v. N.Y.S. Affordable Hous. Corp.*,
   380 F. Supp. 2d 303 (S.D.N.Y. 2005).....................................................................10

*Guardino v. Vill. of Scarsdale Police Dep't*,
   815 F. Supp. 2d 643 (S.D.N.Y. 2011).......................................................................9

*Hamilton v. City of N.Y.*,
   563 F. Supp. 3d 42 (E.D.N.Y. 2021) .................................................................12, 16

*Higgins v. NYP Holdings, Inc.*,
   836 F. Supp. 2d 182 (S.D.N.Y. 2011)...................................................................9, 10

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
   146 F.3d 66 (2d Cir. 1998).......................................................................................7

*Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*,
   620 F.3d 137, 145 (2d Cir. 2010)............................................................................12

*Jackson v. N.Y.S. Dep't of Labor*,
   709 F. Supp. 2d 218, 224-25 (S.D.N.Y. 2010) .......................................................10

*Jones-Kahn v. Westbury Bd. of Educ.–Westbury Union Free Sch. Dist.*,
No. 13-cv-7144, 2015 WL 1529839 (E.D.N.Y. Mar. 31, 2015)..................................................9

*Kalsi v. N.Y.C. Trans. Auth.*,
62 F. Supp. 2d 745 (E.D.N.Y. 1998), *aff'd*, 189 F.3d 461 (2d Cir. 1999) ..............................14

*Lowman v. NVI LLC*,
821 F. App'x 29 (2d Cir. 2020) ........................................................................................11, 12

*Makaroa v. United States*,
201 F.3d 110 (2d Cir. 2000)...................................................................................................6

*Marte v. Montefiore Med. Ctr.*,
No. 22-cv-03491, 2022 WL 7059182 (S.D.N.Y. Oct. 12, 2022).............................................13

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013)..................................................................................................16

*Moccio v. Cornell Univ.*,
889 F. Supp. 2d 539 (S.D.N.Y. 2012)....................................................................................16

*Morgan v. Sylvester*,
125 F. Supp. 380 (S.D.N.Y. 1954), *aff'd*, 220 F.2d 758 (2d Cir. 1955)................................16

*Riley v. N.Y.C. Health & Hosps. Corp.*,
No. 22-cv-2736, 2023 WL 2118073 (S.D.N.Y. Feb. 17, 2023) .......................................13, 14

*Robinson v. Children's Hosp. Boston*,
No. 14-cv-10263, 2016 WL 1337255 (D. Mass. Apr. 5, 2016)..............................................15

*Seaworth v. Pearson*,
203 F. 3d 1056 (8th Cir. 2000), cert. *denied*, 531 U.S. 895 (2000) ........................................15

*St. Juste v. Metro Plus Health Plan*,
8 F. Supp. 3d 287 (E.D.N.Y. 2014) ......................................................................................11

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
547 F.3d 406 (2d Cir. 2008)...................................................................................................7

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
752 F.3d 239 (2d Cir. 2014)...................................................................................................7

*Trans World Airlines., Inc. v. Hardison*,
432 U.S. 63, 84 (1977)..........................................................................................................11

*Walker v. Schult*,
717 F.3d 119 (2d Cir. 2013)...................................................................................................7

*We The Patriots USA, Inc. v. Hochul,*
   14 S. Ct. 734 (2021) ................................................................................4

*We The Patriots USA, Inc. v. Hochul,*
   17 F. 4th 266 (2d Cir. 2021) ...........................................................4, 12

*We The Patriots USA, Inc. v. Hochul,*
   17 F.4th 368 (2d Cir. 2021) ....................................................................4

*We The Patriots USA, Inc. v. Hochul,*
   No. 1:21-cv-04954 (E.D.N.Y. Sept. 12, 2021) ....................................3

*We The Patriots USA, Inc. v. Hochul,*
   No. 21-2179, 2021 WL 5103443 (2d Cir. Oct. 29, 2021)....................4

*Williams v. City of N.Y.,*
   916 F. Supp. 2d 517 (S.D.N.Y. 2013)...............................................9, 10

*Yong Chul Son v. Chu Cha Lee,*
   559 F. App'x 81 (2d Cir. 2014) .............................................................9

**Statutes**

42 U.S.C. § 2000e-2(a)(1)...........................................................................10

N.Y. Exec. Law § 297(9) ..............................................................................8

N.Y. Pub. Health Law § 2806(1)(a) [2021] ................................................13

**Other Authorities**

10 N.Y.C.R.R. § 2.61 ......................................................................... *passim*

10 N.Y.C.R.R. §§ 2.61(a)(1)........................................................................12

10 N.Y.C.R.R. § 2.61(a)(2)............................................................................3

10 N.Y.C.R.R. § 2.61(c)........................................................................2, 3, 12

10 N.Y.C.R.R. § 2.61(d)(1) ...........................................................................3

Fed. R. Civ. P. Rules 12(b)(1) ...................................................................1, 6

Fed. R. Civ. P. Rules 12(b)(6) ...................................................................1, 7

S.D.N.Y. Local Rule 7.2 ................................................................................3

S.D.N.Y. Local Rule 12.1 ..............................................................................1

N.Y.C. Admin. Code § 8-502(a)....................................................................8

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery a/k/a Hospital for Special Surgery ("Defendant") submits this Memorandum of Law in Support of its Motion to Dismiss the Employment Discrimination Complaint filed by Plaintiff Omar Newton Plaintiff ("Plaintiff").[1]

## PRELIMINARY STATEMENT

Plaintiff, a former healthcare employee of Defendant, alleges that Defendant discriminated against him on the basis of his creed/religion, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), when it denied him a religious exemption from the COVID-19 vaccination requirement established for healthcare personnel by the New York State Department of Health (the "NYSDOH") in 10 N.Y.C.R.R. § 2.61 (the "State Mandate"). Plaintiff's claims are subject to dismissal.

First, Plaintiff's NYSHRL and NYCHRL claims are fatally flawed because he elected to have his claims adjudicated on the merits by the New York State Division of Human Rights ("NYSDHR"). Indeed, Plaintiff's NYSHRL and NYCHRL claims arise from the same workplace incident alleged in the complaint Plaintiff filed with the NYSDHR (the "NYSDHR Complaint"), *i.e.*, Defendant's denial of his request for a religious exemption to the State Mandate by remaining unvaccinated while working in the hospital. Because the NYSDHR dismissed Plaintiff's

---

[1] In accordance with Local Rule 12.1, Defendant is providing Plaintiff with the required "Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings" at the time Defendant's instant motion is served. Although Plaintiff's Complaint references his NYSDHR Complaint (while attaching the cover page) and the NYSDHR's determination in connection therewith, Defendant is providing this notice to Plaintiff out of an abundance of caution because the complete NYSDHR Complaint and the NYSDHR's Determination and Order After Investigation are being submitted for purposes of demonstrating that this Court does not have jurisdiction over Plaintiff's NYSHRL and NYCHRL claims due to Plaintiff's election of remedies. *See infra* at 8-10.

NYSDHR Complaint for no probable cause, he is barred, as a matter of law, from re-litigating those claims against Defendant in this judicial forum.

Even if he had not elected his remedies, his Complaint would still not survive this motion, as Plaintiff did not qualify for an exemption under the State Mandate – which does not allow for a religious exemption – and therefore, when Plaintiff chose to remain unvaccinated, Defendant was required to terminate his employment in order to comply with the State Mandate. The Second Circuit (as well as recent decisions in this district) has unequivocally confirmed that employers are not required to violate the State Mandate by granting the blanket vaccination exemption sought by Plaintiff.

Because Plaintiff elected his remedies and because the Complaint does not – and cannot – allege that Defendant did anything more than comply with the State Mandate – something it was required by law to do – Plaintiff's religious discrimination claims must be dismissed.

<u>**FACTUAL BACKGROUND**</u>

I.    **The State's COVID-19 Vaccination Requirement**

On August 26, 2021, the NYSDOH issued an Emergency Regulation mandating receipt of the COVID-19 vaccination for personnel at covered facilities. *See generally* 10 N.Y.C.R.R. § 2.61. The State Mandate, entitled "Prevention of COVID-19 Transmission by Covered Entities," requires all covered entities, which include healthcare and residential facilities and agencies regulated pursuant to Articles 28, 36, or 40 of the New York Public Health Law, including Defendant, to:

> continuously require personnel to be fully vaccinated against COVID-19, absent receipt of an exemption as allowed below.

10 N.Y.C.R.R. § 2.61(c). The State Mandate defines "personnel" as:

> all persons employed or affiliated with a covered entity, whether paid or unpaid, including but not limited to employees, members of the medical and nursing staff,

contract staff, students, and volunteers, who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease.

10 N.Y.C.R.R. § 2.61(a)(2).  The sole exemption to the State Mandate's COVID-19 vaccine requirement is a medical exemption, which is limited in scope and intended to be temporary in duration.  *See* 10 N.Y.C.R.R. § 2.61(d)(1).  Notably, the State Mandate does not include a religious exemption.  *See generally* 10 N.Y.C.R.R. § 2.61.  Employees who do not comply with the vaccine requirement are not permitted to work in covered personnel positions.  *See* 10 N.Y.C.R.R. § 2.61(c).

## II.    Unsuccessful Legal Challenges to the State Mandate

Following the implementation of the State Mandate, several federal court litigations were commenced challenging the State Mandate on the basis of, *inter alia*, its lack of a religious exemption.  Despite these legal challenges, the State Mandate's lack of religious exemption has been upheld as lawful.

Specifically, on September 14, 2021, the U.S. District Court for the Northern District of New York issued a temporary restraining order, temporarily enjoining the enforcement of the State Mandate based on, among other reasons, the lack of a religious exemption, which was alleged to violate Title VII. *See Dr. A. v. Hochul*, No. 1:21-cv-01009, 2021 WL 4189533 (N.D.N.Y Sept. 14, 2021).[2]  On October 12, 2021, the court issued a preliminary injunction against the State Mandate.  *See Dr. A. v. Hochul*, 567 F. Supp. 3d 362 (N.D.N.Y 2021).  Prior to this decision, the U.S. District Court for the Eastern District of New York had denied a similar request for injunctive relief challenging the State Mandate.  *See We The Patriots USA, Inc. v. Hochul*, No. 1:21-cv-

---

[2] In accordance with S.D.N.Y. Local Rule 7.2 and Rule IV.B. of Your Honor's Individual Practices, Defendant is providing Plaintiff with printed copies of decisions cited in this brief that are unreported or reported exclusively on computerized databases.

04954 (E.D.N.Y. Sept. 12, 2021). The decisions in both cases were appealed to the Second Circuit Court of Appeals, which consolidated the cases.

On October 29, 2021, the Second Circuit Court of Appeals overturned the injunction issued by the Northern District of New York, which had enjoined the State Mandate. *See We The Patriots USA, Inc. v. Hochul*, No. 21-2179, 2021 WL 5103443 (2d Cir. Oct. 29, 2021). In a subsequent November 4, 2021 opinion, the *per curiam* Second Circuit held that the plaintiffs were not entitled to a preliminary injunction against enforcement of the State Mandate, concluding that the State Mandate does not conflict with Title VII because it "does not bar an employer from providing an employee with a reasonable accommodation that removes the individual from the scope of the Mandate" such as "by giving them assignments such as telemedicine where they would not pose a risk of infection to other personnel, patients, or residents." *We The Patriots USA, Inc. v. Hochul*, 17 F. 4th 266, 292 (2d Cir. 2021).[3] On November 12, 2021, the *per curiam* Second Circuit issued a clarifying opinion reiterating that employers subject to the State Mandate may not grant religious accommodations that allow employees to continue working unvaccinated in covered positions. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368 (2d Cir. 2021).

On December 13, 2021, the U.S. Supreme Court denied a request for an injunction against the State Mandate pending further appeal in both cases. *See We The Patriots USA, Inc. v. Hochul*, 14 S. Ct. 734 (2021); *Dr. A. v. Hochul*, 142 S. Ct. 552 (2021). On January 31, 2022, the U.S. District Court for the Northern District of New York denied a renewed motion for a temporary

---

[3] In its decision, the Second Circuit made clear that "Title VII does not require covered entities to provide the accommodation that Plaintiffs prefer – in this case a blanket religious exemption allowing them to continue working at their current positions unvaccinated." *Id.* at 292. Rather, employees can seek religious accommodations allowing them to continue working consistent with the Rule, such as in telemedicine roles, while avoiding the vaccination requirement. *Id.*

restraining order seeking to enjoin the State Mandate. *See Dr. A. v. Hochul,* No. 21-cv-1009, Dkt. 44 (N.D.N.Y. Jan. 31, 2022).

Following the decision, the New York State Department of Health advised covered facilities that "it may be appropriate to provide reasonable accommodations for personnel, who, because of sincerely held religious beliefs, do not get vaccinated against COVID-19" however, "*covered entities cannot permit unvaccinated individuals to continue in 'personnel' positions* such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients, or residents to the disease." *See* New York State Department of Health "Frequently Asked Questions (FAQs) Regarding the Prevention of COVID-19 Transmission by Covered Entities Emergency Regulation," available at: https://coronavirus.health.ny.gov/system/files/documents/2022/01/healthcare-worker-booster-requirement-faqs_0.pdf (last visited March 1, 2023) (emphasis added).

### III.    Plaintiff's Employment and Request for an Exemption from the State Mandate.

Plaintiff worked for Defendant in a covered personnel position during the at-issue time period.  (Complaint at 5).  In August of 2021, Plaintiff submitted "an exception letter to [Defendant]; requesting a religious exemption from taking the Coronavirus vaccine due to conflict with Mrna [sic] nature of the vaccines and [his] moral/ethical/personal beliefs." (*Id.*).  Plaintiffs' request for a religious exemption from the State Mandate was denied because it was not allowed by the State.  (*Id.*).  On December 6, 2021, Defendant terminated Plaintiff's employment after he failed to become vaccinated against COVID-19 as required by the State Mandate.  (*Id.*).

### PROCEDURAL HISTORY

On January 18, 2022, Plaintiff filed a complaint with the NYSDHR on the same grounds as those presented here, *i.e.*, the termination of Plaintiff's employment due to his failure to get vaccinated in contravention of the State Mandate.  (Complaint at 5, 6, & 8; Exhibit "A" to the

Declaration of Amy J. Traub, dated March 6, 2023 ("Traub Decl.") – Plaintiff's NYSDHR
Complaint).    At the NYSDHR, Plaintiff similarly claimed that Defendant had discriminated
against him when it failed to grant him a religious exemption from the State Mandate.  (*Compare*
Complaint *with* NYSDHR Complaint).

On June 17, 2022, following the conclusion of its investigation, the NYSDHR found there
to be "No Probable Cause" that Defendant had engaged in any unlawful discriminatory practice as
alleged in the NYSDHR Complaint.  (Exhibit "B" to Traub Decl. – 6/17/22 NYSDHR Order).
Indeed, the NYSDHR's Determination and Order After Investigation ("NYSDHR Order") stated
that "[Defendant] is not required … to defy or oppose government regulations as an
accommodation based on creed."  (*Id.* at 2).  The NYSDHR Order concluded that "the evidence
does not support a conclusion that [Plaintiff] was unlawfully discriminated against by
[Defendant].")  (*Id.*).  Plaintiff did not subsequently appeal the NYSDHR Order to the New York
State Supreme Court, which was identified as the proper appellate procedure.  (*Id.*).  On August 3,
2022, the Equal Employment Opportunity Commission issued Plaintiff a Determination and
Notice of Right to Sue without opining as to the validity of Plaintiff's Charge of Discrimination.
(Complaint at 6 & 9).  Plaintiff then filed the Complaint in this action on October 27, 2022.  (Dkt.
No. 2).

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)
when the district court lacks the statutory or constitutional power to adjudicate it."  *Makaroa v.
United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction
has the burden of proving by a preponderance of the evidence that it exists."  *Id.* (citing *Malik v.
Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).  Notably, "[w]here jurisdictional facts are placed in

dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). As discussed below, Plaintiff is unable to establish jurisdiction because his claims are barred by the election of remedies doctrine.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a court examining the legal sufficiency of a complaint must construe it in the light most favorable to a plaintiff, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013), this requirement does not apply to "bare assertions," "legal conclusions," or "unwarranted factual inferences." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Although the court is "obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).[4] Indeed, "dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations," *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013), and the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009). Because Plaintiff cannot state a religious discrimination claim against Defendant, the Complaint is subject to pre-answer dismissal.

---

[4] Further, "on a Rule 12(b) motion to dismiss" the court may "consider matters of which judicial notice may be taken." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). Judicial notice may be taken of matters "not subject to reasonable dispute" which are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (quoting Fed. R. Evid. 201(b)).

<u>LEGAL ARGUMENT</u>

I.    **Plaintiff Is Barred from Re-Litigating His NYSHRL and NYCHRL Claims Against Defendant.**

Plaintiff's NYSHRL and NYCHRL claims are barred by each statute's election of remedies provision, which precludes him from re-litigating the same claims here that were previously raised in the NYSDHR Complaint.  Because the NYSDHR previously dismissed Plaintiff's NYSDHR Complaint with a finding of no probable cause, the election of remedies doctrine precludes Plaintiff from once again litigating his claims against Defendant here.  Specifically, the NYSHRL provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction ... unless such person ha[s] filed a complaint hereunder or with any local commission on human rights ... provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9).  Likewise, the NYCHRL provides:

> Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title or by any act of discriminatory harassment or violence as set forth in chapter six of this title shall have a cause of action in any court of competent jurisdiction ... unless such person has filed a complaint with the city commission on human rights or with the state division of human rights  with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence.

N.Y.C. Admin. Code § 8-502(a).

Courts in this circuit routinely apply the election of remedies doctrine when dismissing discrimination claims under the same circumstances presented here. *See, e.g.*, *Carris v. First Student, Inc.*, 682 F. App'x 30, 33 (2d Cir. 2017) ("Here, the district court properly dismissed [plaintiff's NYSHRL] claim: she filed a complaint with the NYSDHR, which that body dismissed for lack of probable cause."); *Forkin v. United Parcel Serv.*, No. 18-cv-3397, 2020 WL 9816001, at *5 (E.D.N.Y. Nov. 10, 2020) ("Under both the NYSHRL and the NYCHRL, an individual who

files a complaint with the NYSDHR is jurisdictionally barred from filing a lawsuit in state or federal court for the same claims.") (collecting cases); *see also Williams v. City of N.Y.*, 916 F. Supp. 2d 517, 521 (S.D.N.Y. 2013) ("The NYSHRL and the NYCHRL provide that an individual who files a complaint with either the NYSDHR or the New Yok City Commission on Human Rights waives his right to sue in court."); *Guardino v. Vill. of Scarsdale Police Dep't*, 815 F. Supp. 2d 643, 646 (S.D.N.Y. 2011) ("When the [NYSDHR] has issued a finding of 'no probable cause … plaintiff's claims … are barred by the law[']s election of remedies provisions….").

Notably, the election of remedies doctrine "precludes consideration of any claim–whether brought under the NYSHRL or the NYCHRL–arising out of the same incident on which the plaintiff's NYSDHR complaint was based." *Bahr v. City Univ. of N.Y./York Coll.*, 15-cv-4380, 2016 WL 8711060, at *5 (E.D.N.Y. Dec. 9, 2016); *see also Higgins v. NYP Holdings, Inc.*, 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011) ("[B]oth the NYSHRL and the NYCHRL require dismissal of a suit in court if the complainant lodges a complaint with *either* the [NY]SDHR or the [NYC] Commission [on Human Rights].").

"Courts have interpreted 'same claim' as meaning claims arising out of the "same incident on which plaintiff's SDHR complaint was based [*i.e.*,] … if they are based on the same operative events." *Bahr*, 2016 WL 8711060 at *5 (citing *Williams*, 916 F. Supp. 2d at 521); *see also Yong Chul Son v. Chu Cha Lee*, 559 F. App'x 81, 82 (2d Cir. 2014) (affirming dismissal of NYSHRL and NYCHRL claims when NYSDHR had reviewed NYSHRL and Title VII claims on same facts); *Carroll v. United Parcel Serv.*, No. 00-cv-7037, 2000 WL 1185583, at *3 (2d Cir. Aug. 21, 2000) ("Because Carroll's two sets of claims arise out of the same group of facts, the matter before this court is jurisdictionally barred."); *Jones-Kahn v. Westbury Bd. of Educ.–Westbury Union Free Sch. Dist.*, No. 13-cv-7144, 2015 WL 1529839, at *12 (E.D.N.Y. Mar. 31, 2015) (dismissing

NYSHRL claims under election of remedies doctrine when claims arose from substantially same set of facts, even though plaintiff provided additional facts in complaint to support her allegations).

Because Plaintiff's NYSHRL and NYCHRL claims arise out of the same events complained of in the NYSDHR Complaint, *i.e.*, Defendant's denial of his request for a religious exemption to the State Mandate, his NYSHRL and NYCHRL claims are barred from consideration in this Court as a matter of law. *See Higgins*, 836 F. Supp. 2d at 188-89 (citing *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224-25 (S.D.N.Y. 2010)); *Williams*, 916 F. Supp. 2d at 520-23 (dismissing NYSHRL and NYCHRL claims where they were previously asserted at NYSDHR); *DuBois v. Macy's Retail Holdings, Inc.*, 533 F. App'x 40, 41 (2d Cir. 2013) ("The record reflects that [plaintiff] filed a complaint with the New York City Commission on Human Rights ... asserting identical claims, which the NYCCHR dismissed for lack of probable cause. Accordingly, the district court correctly determined that [plaintiff's] claims under the [NY]SHRL and the [NY]CHRL are precluded by the election of remedies doctrine.").

## II.  Plaintiff Also Cannot State a Claim for Religious Discrimination.

Title VII prohibits employers from discriminating against employees on the basis of their religion. 42 U.S.C. § 2000e-2(a)(1). The statute requires an employer to "reasonably accommodate" an employee's "religious observance or practice," unless doing so would impose "undue hardship on the conduct of the employer's business." *Id.* § 2000e(j). As such, a plaintiff may premise his theory of liability on either the denial of a reasonable accommodation of his religious beliefs or an allegation of disparate treatment because of his religion. *See Goldschmidt v. N.Y.S. Affordable Hous. Corp.*, 380 F. Supp. 2d 303, 310 (S.D.N.Y. 2005). However, the

Complaint is wholly devoid of factual allegations sufficient to plead a religious discrimination claim on either of these theories.[5]

### A. Plaintiff's Religious Discrimination Claims Must Be Dismissed Because Granting the Proposed Accommodation Would Have Imposed an Undue Hardship on Defendant.

To establish a *prima facie* case of discrimination based on the failure to provide a religious accommodation, a plaintiff bears the burden of demonstrating that he: (i) had a *bona fide* religious belief or practice that conflicts with an employment requirement; (ii) informed the employer of this belief or practice; and (iii) was disciplined for failing to comply with the conflicting employment requirement. *See St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 315 (E.D.N.Y. 2014). If the plaintiff makes out a *prima facie* case, the employer "must offer [him] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002). "A reasonable accommodation of an employee's religion is one that 'eliminates the conflict between employment requirements and religious practices." *Elmenayer v. ABG Freight Sys.*, No. 98-cv-4061, 2001 WL 1152815, at *5 (E.D.N.Y. Sept. 20, 2001). To "avoid Title VII liability," an employer offer "any reasonable accommodation," and "need not offer the accommodation the employee prefers." *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002).

"An accommodation is said to cause an undue hardship whenever it results in 'more than a *de minimis* cost' to the employer." *Baker v. Home Depot*, 445 F.3d 541, 548 (2d Cir. 2006) (quoting *Trans World Airlines., Inc. v. Hardison*, 432 U.S. 63, 84 (1977)). Although undue

---

[5] There is not a single factual allegation in the Complaint to support any inference that Defendant's actions were motivated by discrimination as opposed to the need to follow New York State law. As such, Plaintiff fails to state a claim under a disparate treatment theory of liability, as his termination did not occur under any circumstances giving rise to an inference of discrimination. *See Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020) (employee must demonstrate, at minimum, that "employer's desire to avoid the prospective accommodation [was] a motivating factor in [the employment] decision") (quoting *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773–74 (2015)).

11

hardship is an affirmative defense, a defendant can raise it in a pre-answer motion to dismiss. *Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020) (citing *Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)).

> ### i. Title VII Does Not Require Defendant to Have Violated the State Mandate by Granting Plaintiff's Request for a Religious Exemption.

As covered personnel, the State Mandate expressly required Defendant to ensure that Plaintiff was "fully vaccinated against COVID-19" absent a limited medical exemption, which Plaintiff did not have. *See* 10 N.Y.C.R.R. §§ 2.61(a)(1), 2.61(c). As discussed above, the State Mandate *does not permit religious exemptions*, which has been upheld despite numerous legal challenges. *See* 10 N.Y.C.R.R. § 2.61; *see also We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) (per curium) ("Title VII does not require" entities covered by the State Mandate to provide employees with a "blanket religious exemption allowing them to continue working at their current position unvaccinated.").

It is well-settled that an employer is not required to grant accommodations for religious beliefs where the requested accommodation would violate federal or state law or otherwise subject the employer to monetary penalties or other punishment. *See Bey v. City of N.Y.*, 999 F. 3d 157, 170 (2d Cir. 2021) ("Title VII cannot be used to require employers to depart from binding ... regulations."); *Lowman v. NVI LLC*, 821 F. App'x 29, 31–32 (2d Cir. 2020) (affirming dismissal of Title VII religious discrimination claim because accommodation sought would have caused employer to violate federal law and subject employer to potential penalties); *Hamilton v. City of N.Y.*, 563 F. Supp. 3d 42, 52-59 (E.D.N.Y. 2021) (dismissing Title VII, NSYHRL, and NYCHRL failure to accommodate, disparate treatment, and disparate impact religious discrimination claims where OSHA regulations prohibited religious accommodation sought); *see also Baltgalvis v. Newport News Shipbuilding Inc.*, 132 F. Supp. 2d 414, 419 (E.D. Va. 2001) ("Courts have

consistently agreed that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law."), *aff'd*, 15 F. App'x 172 (4th Cir. 2001); *Bhatia v. Chevron U.S.A., Inc.*, 734 F.2d 1382, 1383–84 (9th Cir. 1984) (no discrimination where requested accommodation would have required employer to violate state health and safety laws). Because Plaintiff's requested accommodation would have forced Defendant to violate the State Mandate, Plaintiff's Title VII claim must be dismissed.[6]

Notably, District Judges Colleen McMahon and John Koeltl recently dismissed Title VII religious discrimination claims involving former hospital employees who were terminated for not receiving the COVID-19 vaccination in contravention of the State Mandate. *See generally Marte v. Montefiore Med. Ctr.*, No. 22-cv-03491, 2022 WL 7059182 (S.D.N.Y. Oct. 12, 2022); *Riley v. N.Y.C. Health & Hosps. Corp.*, No. 22-cv-2736, 2023 WL 2118073 (S.D.N.Y. Feb. 17, 2023). The underlying Title VII claims in *Marte* and *Riley* mirror those here and as such provide significant support for dismissal of the Complaint. In granting the hospital defendant's motion to dismiss in *Marte*, Judge McMahon noted that:

> Even if Plaintiff had pleaded a prima facie claim for religious discrimination, her argument is foreclosed by the Second Circuit's decision in *We The Patriots*. Defendant correctly argues that Plaintiff's requested accommodation would qualify as an undue hardship because it required Defendant to violate the law.

*Marte*, 2022 WL 7059182 at *4 (collecting cases). Similarly, Judge Koeltl granted the former employer's motion to dismiss confirming that "Title VII cannot be used to require employers to break the law" while noting that the State Mandate "required the defendant 'to continuously require

---

[6] Covered facilities that did not comply with the State Mandate were subject to stringent penalties for noncompliance, including loss of their license. *See* N.Y. Pub. Health Law § 2806(1)(a) [2021] ("A hospital operating certificate may be revoked, suspended, limited or annulled . . . [if] the hospital has failed to comply with the provisions of [Article 28] or rules and regulations promulgated thereunder.").

personnel' like the plaintiff 'to be fully vaccinated against COVID-19, absent receipt of' a medical exemption. *Riley*, 2023 WL 2118073 at *4 (citations omitted).

Therefore, Plaintiff has failed to state a Title VII of religious discrimination and this claim should be dismissed as a matter of law.

### ii. Granting the Requested Accommodation Would Have Placed the Health of Defendant's Patients and Staff Members at Serious Risk.

It is equally true that Defendant would have experienced an undue hardship in granting Plaintiff's requested religious accommodation because exposing Plaintiff, an unvaccinated healthcare worker, to Defendant's patients and other staff members would have posed a substantial risk of infection and danger to them.  Courts have repeatedly held that risks to health and safety (and the corresponding exposure to liability) constitute an undue hardship for an employer.  *See Kalsi v. N.Y.C. Trans. Auth.*, 62 F. Supp. 2d 745, 760 (E.D.N.Y. 1998), *aff'd*, 189 F.3d 461 (2d Cir. 1999) ("Title VII does not require employers to absorb the cost of all less than catastrophic physical injuries to their employees in order to accommodate religious practices."); *E.E.O.C. v. Oak-Rite Mfg. Corp.*, No. 99-cv-1962, 2001 WL 1168156, at *10 (S.D. Ind. Aug. 27, 2001) ("[Q]uestions of undue hardship have been resolved as a matter of law, especially where the employer showed that the proposed accommodation would either cause or increase safety risks or the risk of legal liability for the employer.").

Such risks are exponentially increased in a hospital setting, where patients are already suffering from physical ailments and seeking treatment.  *See Biden v. Missouri,* 142 S. Ct. 647, 652 (2022) ("[E]nsuring that providers take steps to avoid transmitting a dangerous virus to their patients is consistent with the fundamental principle of the medical profession: first, do no harm. It would be the very opposite of efficient and effective administration for a facility that is supposed to make people well to make them sick with COVID-19."); *see also Does 1-6 v. Mills*, 16 F. 4th

20, 35-36 (1st Cir. 2021) ("[H]ospitals need not provide [a COVID-19 vaccination] exemption ... because doing so would cause them to suffer undue hardship."); *Robinson v. Children's Hosp. Boston*, No. 14-cv-10263, 2016 WL 1337255 (D. Mass. Apr. 5, 2016) (finding that, in Title VII case, "accommodating [plaintiff's] desire to be vaccine-free in her role [as a hospital intake employee] would have been an undue hardship because it would have imposed more than a *de minimis* cost" and would "cause or increase safety risks or the risk of legal liability for the employer").

Here, the exemption sought by Plaintiff would have unquestionably posed more than a *de minimis* health and safety risk for Defendant's patients and employees.  Accordingly, Plaintiff's Complaint should be dismissed because Title VII does not require Defendant to have allowed Plaintiff to remain unvaccinated thereby risking the health and safety of Defendant's patients and employees.

### iii.    Plaintiff's Claim Additionally Fails Because the Vaccination Requirement Was Pursuant to the State Mandate – Not an *Employer* Mandate.

Defendant's COVID-19 vaccination policy at the time of Plaintiff's termination was required by the State Mandate, *i.e.*, a New York State legal requirement.  Therefore, Plaintiff's Title VII claim is also subject to dismissal because his religious beliefs did not conflict with an *employer* requirement – a required element of his claim.  *See Seaworth v. Pearson*, 203 F. 3d 1056 (8th Cir. 2000), cert. *denied*, 531 U.S. 895 (2000) (dismissing religious discrimination claim where plaintiff's beliefs conflicted with federal legal requirement, rather than requirement imposed by his employer).  Here, Plaintiff's purported religious beliefs conflicted with the State Mandate and

not an employer mandate, which confirms that the Complaint fails to state a *prima facie* claim of religious discrimination under Title VII.[7]

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint in its entirety with prejudice and grant Defendant such other and further relief as the Court deems just and proper.

Dated: March 6, 2023
      New York, New York

**BAKER & HOSTETLER LLP**

/ s /   *Amy J. Traub*
Amy J. Traub
Justin A. Guilfoyle
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Tel: 212 589-4200
Fax: 212 589-4201
Email: atraub@bakerlaw.com
Email: jguilfoyle@bakerlaw.com

*Attorneys for Defendant*

---

[7] Even though Plaintiff's NYSHRL and NYCHRL claims are barred by the election of remedies doctrine (*supra* at 8-10) and her *pro se* status garners "no greater right than any other litigant and such appearance may not be used to deprive defendants of the same rights enjoyed by other defendants," *Morgan v. Sylvester*, 125 F. Supp. 380, 388 (S.D.N.Y. 1954), *aff'd*, 220 F.2d 758 (2d Cir. 1955), these claims are similarly subject to dismissal for failure to state a claim against Defendant. *See supra* at 10-16; *see also Moccio v. Cornell Univ.*, 889 F. Supp. 2d 539, 581 (S.D.N.Y. 2012) (NYSHRL claims utilize the same framework as a Title VII claim); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (although NYCHRL claims are evaluated independently with its provisions construed broadly, they are nonetheless analyzed under similar standard to those of Title VII); *Hamilton*, *Hamilton*, 563 F. Supp. 3d at 52-59 (dismissing Title VII, NSYHRL, and NYCHRL failure to accommodate, disparate treatment, and disparate impact religious discrimination claims where accommodation sought was not permitted by government regulation).